UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:20-cv-00007-DLB-EBA

DENNIS CARMACK, PLAINTIFF,

V. **REPORT AND RECOMMENDATION**

TIMOTHY LEGG, et al., DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) to conduct further proceedings, including discovery oversight and preparation of a report and recommendation on any dispositive motions. [R. 18]. This is a *pro se* prisoner action that was initiated January 27, 2020. [R. 1]. The Defendants responded to Plaintiff Dennis Carmack's complaint by filing an answer. [R. 17]. This Court subsequently ordered that, no later than October 13, 2020, the parties should each file separate written reports outlining a proposed discovery plan. [R. 19]. On October 13, 2020, the Defendants filed their proposed discovery plan. [R. 20]. To date, the Plaintiff has not filed a proposed discovery plan, and this Court subsequently entered a scheduling order [R. 21] based on the Defendants' proposed timeline.

On October 30, 2020, Defendants moved to dismiss the case on grounds that the Plaintiff failed to notify the Court of his changed address, as required by Local Rule 5.3(e) and the Court's order. [R. 8 at ¶5]. Defendants, in their motion, assert that Carmack was granted parole and released from custody. Indeed, Kentucky Online Offender records confirm that Carmack was released on October 1, 2020. Carmack has not filed a change of

address with the Court in the time since his release.

All *pro se* litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in dismissal of the litigant's case or other appropriate sanctions. Joint Ky. Civ. Prac. R. 5.3(e). "While *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Here, Carmack failed to comply with the Local Rules and the Court's order. The Court ordered on March 3, 2020 that Carmack must immediately advise the Clerk's Office of any change to his current mailing address, and that failure to do so would result in dismissal of his case. [R. 8 at ¶5]. The Court's order is a straightforward procedural requirement that should be easily understood by a layperson. Carmack has failed to notify the Court about his release and subsequent change of address. There is no cause for extending leniency to a *pro se* litigant under these circumstances. Therefore, having considered the matter fully and being otherwise advised,

IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED.

Signed November 9, 2020.



**Signed By:**
*Edward B. Atkins* EBA
**United States Magistrate Judge**